UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KALOB NORTON,<br><br>     Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br><br>     Defendant. | NO:  CV-13-3135-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

  BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 18 and 20. This matter was submitted for consideration without oral argument. Plaintiff was represented by D. James Tree. Defendant was represented by Sarah L. Martin. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

### JURISDICTION

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

Plaintiff Kalob Norton protectively filed for supplemental security income ("SSI") on February 8, 2011, alleging an onset date of March 5, 1994. Tr. 159-164. Benefits were denied initially (Tr. 89-92) and upon reconsideration (Tr. 99-105). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Stephanie Martz on July 30, 2012. Tr. 30-64. Plaintiff was represented by counsel and testified at the hearing. *Id.*  Vocational expert Roni Loenore also testified. Tr. 57-63. The ALJ denied benefits (Tr. 12-29) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 22 years old at the time of the hearing. Tr. 35. He left school in the ninth grade, and attended special education classes at every grade level. Tr. 35-36. He got his GED when he was 18. Tr. 36. He previously attempted two jobs but stayed in each job for only a week. Tr. 38. He also attended classes at community college. Tr. 36-38, 56-57. Plaintiff alleges disability based on attention deficit

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

hyperactivity disorder ("ADHD"), depression, anxiety, and anger problems.[1] Tr. 89, 289, 294. He testified that he can't handle being around people and does not "go out" often. Tr. 40, 45, 53-55. He also testified that he has problems with concentration and memory, gets easily frustrated, and has anger problems. Tr. 42, 44, 48-50.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this

---

[1] Plaintiff also alleged disability based on arthritis in his knees. *See* Tr. 89. However, the ALJ found this was not a severe impairment at step two (Tr. 17-18), and Plaintiff does not challenge this finding in his briefing. *See Carmickle*, 533 F.3d at 1161 n.2 ( court may decline to address issue not raised with specificity in Plaintiff's briefing).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the

Commissioner must also consider vocational factors such as the claimant's age,

education and work experience. *Id.* If the claimant is capable of adjusting to other

work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § §

404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other

work, the analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy." 20 C.F.R. § §

404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful

activity since February 8, 2011, the application date. Tr. 17. At step two, the ALJ

found Plaintiff has the following severe impairments: social phobia, ADHD,

anxiety disorder, and cannabis abuse. Tr. 17. At step three, the ALJ found that

Plaintiff does not have an impairment or combination of impairments that meets or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 7

medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P,

App'x 1. Tr. 18. The ALJ then found that Plaintiff had the RFC

> to perform a full range of work at all exertional levels. From a mental standpoint, the claimant has the ability to understand, remember, and carry out simple routine tasks. The claimant would also work best independently with only a few coworkers present, and that claimant would be able to have superficial contact with coworkers, supervisors, and the public. The claimant further requires hands on demonstration of tasks, and the claimant may need additional time to learn tasks, but is still able to do so within 30 days.

Tr. 19-20. At step four, the ALJ found Plaintiff has no past relevant work. Tr. 24.

At step five, the ALJ found that considering the Plaintiff's age, education, work

experience, and RFC, there are jobs that exist in significant numbers in the national

economy that Plaintiff can perform. Tr. 24. The ALJ concluded that Plaintiff has

not been under a disability, as defined in the Social Security Act, since February 8,

2011, the date the application was filed. Tr. 25.

## ISSUES

The question is whether the ALJ's decision is supported by substantial

evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ

committed reversible error by relying on erroneous credibility findings; (2) the

ALJ failed to include all of Plaintiff's limitations, as opined by medical

professionals, in the RFC. ECF No. 18 at 8-15. Defendant argues: (1) the ALJ

reasonably determined that Plaintiff's allegations were not credible; (2) the RFC

was supported by substantial evidence. ECF No. 20 at 4-13.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 8

## DISCUSSION

### A. Credibility

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 9

claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent any evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted).

In this case, the ALJ "did not find all of the claimant's symptom allegations to be credible." Tr. 20. Plaintiff generally argues that the ALJ erred by relying on erroneous negative credibility findings. ECF No. 18 at 13-15. However, Plaintiff only challenges one reason given by the ALJ for the adverse credibility finding, namely, that "[t]he claimant's activities further show that the claimant is quite active, which further diminishes the claimant's credibility." Tr. 21. Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). As noted by Plaintiff, it is well-settled that a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.*; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities…does not in any way detract from her credibility as to her overall disability."). However, even where activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012); *see also Orn*,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

495 F.3d at 639 (daily activities are a valid reason to discount credibility if they contradict claimant's other testimony).

Here, as outlined in detail by the ALJ, Plaintiff and his medical professionals noted that he has "no difficulty in completing his own personal grooming tasks;" performs household chores such as preparing meals, washing dishes, vacuuming and doing laundry; and manages his own finances. Tr. 295, 371. Plaintiff testified he is disabled primarily based on problems maintaining attention and concentration, and getting along with other people. Tr. 21, 40-42, 53-55. However, the ALJ cited evidence in the record showing Plaintiff "does have the ability to maintain attention, concentration, persistence, and pace when he engages in activities that interest [him,]" including staying on task during his evaluation with Dr. Billings, playing video games, and building remote control cars and models. Tr. 21-22, 297, 371-73. In addition, the ALJ found Plaintiff's statement that he had difficulty being around other people was inconsistent with his cooperation during the consultative examination and testing; his use of public transportation; and records showing he has friends, attended school, and leaves his home to buy drugs from "random people." Tr. 21-22, 37, 46, 297, 371-73. Plaintiff generally argues that his "activities do not contradict [his] other testimony or assertions." ECF No. 18 at 15; *see Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to address issue not raised with specificity in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

Plaintiff's briefing). It is noted that Plaintiff's educational records reference problems getting along with others; and he testified that he isolates himself from other people, rarely talks to friends, and broke up with his girlfriend. Tr. 49-51, 55, 338-40, 370-72. However, while evidence of Plaintiff's daily activities may be interpreted more favorably to the Plaintiff, this evidence is susceptible to more than one rational interpretation, and therefore the ALJ's conclusion must be upheld. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("[t]he ALJ is responsible for determining credibility"). Thus, the ALJ reasonably considered Plaintiff's daily activities in finding Plaintiff not credible.

In addition, while not identified by Plaintiff, the ALJ supported his adverse credibility finding with additional reasons. First, the ALJ found that "[t]he [minimal] objective medical evidence is inconsistent with the claimant's allegations that his symptoms hinder his ability to work." Tr. 20-21. Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). In support of this reason, the ALJ notes the minimal medical treatment evidence, and cites the only psychological evaluation of Plaintiff completed by Dr. Emma Billings which generally revealed "that the claimant's cognitive ability was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

within the low average to average range of functioning." Tr. 20 (citing Tr. 374).

Under the heading of "mental status" Dr. Billings noted that Plaintiff had good eye

contact, was cooperative, and spoke in a clear manner with no articulation errors.

Tr. 372. His thought process was logical, his responses were pertinent to the

discussion, and his fund of general knowledge was within the average range. Tr.

372-73. Dr. Billings further reported that Plaintiff was able to recall two recent

major news events, correctly identified current and past Presidents of the United

States, and named the states that surround Washington and five large American

cities. Tr. 373. Plaintiff's judgment for safety questions was appropriate and with

details, his memory was within average range, he had no difficulty completing a

three stage command, and he was oriented times three. Tr. 373. Dr. Billings also

administered cognitive testing and found Plaintiff had a full scale IQ of 87 which is

in the low average range, and the results of WAIS-IV testing showed scores in the

low average to average range. Tr. 373-74. Plaintiff reported to Dr. Billings that he

was attending community college and obtaining B grades. Tr. 21, 375. Overall, Dr.

Billings assessed Plaintiff as "an engaging young man who appears to function

with low average ranges." Tr. 375. It is noted that Dr. Billings opined that Plaintiff

exhibited symptoms of inattention, distractibility and impulsivity associated with

ADHD which "may interfere with both is academic pursuits and employment in

the future." Tr. 375. However, the lack of corroboration of Plaintiff's testimony in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

the objective record as a whole was properly considered by the ALJ, as it did not form the sole basis for the adverse credibility finding.

Second, the ALJ found Dr. Billing's notation that Plaintiff was likely misreporting his drug use "suggests that the claimant is less than truthful further diminishing his credibility." Tr. 22 (citing Tr. 375). Specifically, Dr. Billings noted in May 2011 that Plaintiff "reports that he continues to use marijuana. He stated that he often uses it at night and then reported his last use being two weeks ago. It is likely that his use is not accurately reported." Tr. 375. At the hearing in July 2012, Plaintiff testified that he used to buy marijuana from "random people" but stopped smoking it a month previously. Tr. 46. A claimant's failure to be a reliable historian regarding drug or alcohol usage may support an "ALJ's negative conclusions about [his or her] veracity." *Thomas*, 278 F.3d at 959; *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (an ALJ may discredit a claimant's allegations based on relevant character evidence). Particularly in light of the minimal medical opinion evidence in the record, and the significant weight granted to Dr. Billing's opinion by the ALJ (Tr. 22), this is a clear and convincing reason to reject Plaintiff's subjective testimony.

Finally, although notably absent from Plaintiff's briefing, the ALJ found that "the lack of medical records and treatment further suggest that the claimant does not feel his condition is severe, which undermines the claimant's credibility." Tr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

21. Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be the basis for an adverse credibility finding unless there is a showing of a good reason for the failure.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  However, an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Social Security Ruling ("SSR") 96-7p at *7 (July 2, 1996), *available at* 1996 WL 374186. Specifically, disability benefits may not be denied because of a claimant's inability to afford treatment. *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995).

Here, the ALJ supports this reasoning by noting that the medical evidence of record is minimal, "[i]n fact, the only evidence is one consultative psychological evaluation and psychological treatment the claimant underwent while in school." Tr. 20. However, the ALJ fails to consider Plaintiff's explanation at the hearing that he had no medical treatment because he could not afford it and has no medical insurance. Tr. 43. Thus, the ALJ's rejection of Plaintiff's credibility based on unexplained failure to pursue treatment was error. However, this error is harmless because, as discussed above, the ALJ's remaining reasoning and ultimate

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

credibility finding is adequately supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162-63.

For all of these reasons, and having thoroughly reviewed the record, the court concludes that the ALJ supported his adverse credibility finding with specific, clear and convincing reasons supported by substantial evidence.

**B. RFC**

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC assessment is an administrative finding based on *all* relevant evidence in the record, not just medical evidence. *Id*. In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are supported by substantial evidence in the record. *See id.*; *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (RFC determination will be affirmed if supported by substantial evidence); *see also Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective."). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Here, the ALJ found Plaintiff had the RFC

to perform a full range of work at all exertional levels. From a mental standpoint, the claimant has the ability to understand, remember, and carry

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

out simple routine tasks. The claimant would also work best independently with only a few coworkers present, and the claimant would be able to have superficial contact with coworkers, supervisors, and the public. The claimant further requires hands on demonstration of tasks, and the claimant may need additional time to learn tasks, but is still able to do so within 30 days.

Tr. 19-20. In making this assessment, the ALJ gave "some weight" to the medical opinions of agency evaluators Dr. Mary Gentile and Dr. Matthew Comrie, who at the initial and reconsideration level of Plaintiff's claim "opined that while [Plaintiff] had several moderate limitations, he was capable of performing work." Tr. 23 (citing Tr. 73-74, 85-86). Both doctors completed a mental residual functional capacity assessment ("MRFCA") form that opined moderate limitations in Plaintiff's ability to: maintain attention and concentration for extended periods; work in coordination with or in proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and respond appropriately to changes in the work setting. Tr. 72-74, 85-86. The narrative portions of these opinions found that Plaintiff "would have episodic waning of [concentration, persistence and pace] due to psych [symptoms]. He would do best in more isolated environments….

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

[Plaintiff] would do best [with] superficial public and coworker contact. Supervision should be firm but fair [2].... More time in learning new work tasks would be beneficial. Would learn best [with] hands-on and demonstration." Tr. 73-74, 85-86.

Plaintiff argues that the ALJ failed to properly incorporate two of the moderate "check box" limitations assessed by Drs. Gentile and Comrie into the RFC, despite assigning the opinions "full weight." ECF No. 18 at 8-13. As an initial matter, the court notes that despite Plaintiff's claims to the contrary, the ALJ did not assign "full weight" to these medical opinions, but rather assigned them "some weight." Tr. 23. Notably, Plaintiff does not assign error to the ALJ's analysis of the medical opinion evidence. Instead, Plaintiff argues that the ALJ's RFC failed to "capture" assessed moderate limitations in his ability to 1) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and 2) accept instructions and respond appropriately to criticism from supervisors. ECF No. 18 at 8-13. The court disagrees.

---

[2] The ALJ assigned "no weight" to the requirement of "firm but fair" supervision because it was "too vague and broad." Tr. 23. As noted by Defendant, Plaintiff does not challenge this finding. ECF No. 20 at 8 n.1.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

First, Plaintiff argues that the alleged omission of the opined moderate limitation to Plaintiff's ability to perform at a consistent pace without an unreasonably number and length of rest periods is not harmless error because the vocational expert ("VE") testified upon questioning by Plaintiff's counsel that any more than the "standard break" of "one in the morning, one in the afternoon, and a clock-out lunch" is "not very well" tolerated; and therefore a "significant interference" in the ability maintain a reasonable number and length of rest periods under this definition would "significantly impact" a person's ability to sustain employment. Tr. 63.  Plaintiff "precede[s]" this argument with an extended "discussion" of why the term "moderate" should be interpreted "synonymously" with the term "significant." ECF No. 18 at 10-12. This argument is inapposite and largely unsupported by legal authority.[3] Specifically, Plaintiff's attempts to

---

[3] Plaintiff relies on *Sheppard v. Chater*, an unpublished 1997 Ninth Circuit decision, to support his argument that the terms "significant" and "moderate" are synonymously used. *See Sheppard v. Chater*, 1997 WL 603885 (9th Cir. Sept. 30, 1997) (unpublished decision). In *Sheppard*, the court analyzed the terms used in Washington state disability forms and federal MRFC forms, and found that "[v]iewed in context," the terms "significant" and "moderate" are synonymous. ECF No. 18 at 10-11. However, this unpublished opinion is not binding precedent,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

analogize the terms "moderate" and "significant" based on step two regulations that a person with a moderate mental limitation meets the definition of "severe," and that "severe" is then defined as "significantly limit[ing] an individual's ability to perform work activities," is fallacious reasoning based on guidelines entirely unrelated to the RFC analysis portion of the sequential evaluation. Further, as acknowledged by Plaintiff, the term "moderate" is not defined on the MRFCA form used by Dr. Comrie and Dr. Gentile, and the court is not persuaded to adopt a "common sense definition" offered by Plaintiff that the category between "moderately limited" and "not significantly limited" should "at least" be "significantly limited." ECF No. 18 at 10. This argument renders the terms actually used on the form meaningless and asks the court to interpret and apply a term not actually used on the form ("significantly limited"). The court declines to interpret the MRFCA form in this way.

Furthermore, Plaintiff fails to show that the ALJ's RFC finding is inconsistent with the moderate limitations assessed by Drs. Comrie and Gentile. First, Plaintiff's argument that the "check box" moderate limitations must be included in the RFC fails because the findings in this section of the MRFCA are not intended to be part of the RFC assessment. Individual medical opinions are

and appears factually distinguishable from the instant case which does not include any assessment of Plaintiff using a state disability evaluation form.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 20

preferred over check-box reports.[4] *See Murray v. Heckler*, 722 F.2d 499, 501 (9th

Cir. 1983). This is consistent with the Social Security Administration Program

Operations Manual Systems ("POMS") DI 25020.010(B)(1) which directs

adjudicators to the narrative portion of the MRFCA in assessing a claimant's RFC.

*See* POMS DI 25020.010(B)(1), *available at*

https://secure.ssa.gov/poms.nsf/lnx/0424510060; POMS 24510.060(B)(2)(a) (the

check box portion of the MRFCA is "merely a worksheet to aid the [medical

consultant] in deciding the presence and degree of functional limitations and the

adequacy of documentation and does not constitute the RFC assessment"). This

preference is also reflected in the MRFCAs filled out by Dr. Comrie and Dr.

Gentile in this case directing that "[t]he questions below help determine the

individual's ability to perform sustained work activities. However, the actual

mental residual functional capacity assessment is recorded in the narrative

discussion(s) in the explanation text boxes." Tr. 72, 85. Drs. Comrie and Gentile

explained in narrative form that the concentration and persistence limitations noted

---

[4] While the MRFCA evaluations included in the DDE at the initial and

reconsideration levels do not include actual "checked boxes," they are

categorically the same as MRFCA forms and include designated space for an

additional narrative explanation. Thus, the court will analyze them as it would the

"check box" portion of an MRFCA form.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 21

in the check-box portion of the MRFCA would result in "episodic waning of [concentration, pace and persistence] due to psych [symptoms]. [Plaintiff] would do best in more isolated environments." Tr. 85. These limitations are consistent with the ALJ's assessed RFC that Plaintiff "has the ability to understand, remember, and carry out simple routine tasks" and "would also work best independently with only a few coworkers present, and that [Plaintiff] would be able to have superficial contact with coworkers, supervisors, and the public." Tr. 19-20.

Moreover, as noted by Defendant, Plaintiff has not shown that an RFC limiting Plaintiff to simple, routine work fails to adequately capture Plaintiff's "moderate" limitations as characterized by Drs. Gentile and Comrie. ECF No. 20 at 9. The Ninth Circuit has widely held that an ALJ's RFC assessment of a claimant adequately captures restrictions related to concentration, persistence and pace where the assessment is consistent with restrictions identified in the medical testimony. *See e.g,. Stubbs v. Danielson*, 539 F.3d 1169, 1173-74 (9th Cir. 2008). Here, Drs. Comrie and Gentile opined that Plaintiff was not significantly limited in his ability to carry out very short and simple instructions, but was moderately limited in the ability to maintain attention and concentration for extended periods.[5]

---

[5] Notably, while they opined that Plaintiff was moderately limited in the ability to complete a normal workweek and workday without limitations from

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 22

Tr. 72-73, 85. Thus, in accord with *Stubbs*, the ALJ properly translated Drs. Comrie and Gentile's assessed moderate limitation in Plaintiff's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods into an RFC assessment that Plaintiff only has the ability to "understand, remember, and carry out simple routine tasks." Tr. 19; *see Stubbs*, 539 F.3d at 1173-74 (holding ALJ's RFC assessment limiting Plaintiff to "simple, routine, repetitive work" properly captured medical opinion that Plaintiff was moderately limited in the ability to perform at a consistent pace without an unreasonable number and length of rest periods).

Similarly, despite Plaintiff's cursory argument to the contrary, the court finds the RFC adequately encompasses Drs. Comrie and Gentile's opinion that Plaintiff had a moderate limitation in his ability to accept instructions and respond

psychologically based symptoms and perform at a consistent pace; Drs. Comrie and Gentile somewhat paradoxically found Plaintiff was *not* significantly limited in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. Tr. 73, 85. In reviewing the entirely of the opinions it is therefore reasonable to assume that this moderate limitation referred in large part to limitations regarding Plaintiff's ability to perform at a consistent pace.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 23

appropriately to criticism from supervisors. ECF No. 18 at 12-13. The narrative portion of the medical opinions states that Plaintiff would do best with superficial public and coworker contact, and Plaintiff would need more time in learning new tasks and would learn best with hands-on demonstration. Tr. 72-73, 85-86. The RFC adequately captures this limitation, and arguably expands it, by finding Plaintiff would "work best independently with only a few coworkers present, and that claimant would be able to have superficial contact with coworkers, supervisors, and the public. The claimant further requires hands on demonstration of tasks, and the claimant may need additional time to learn tasks, but is still able to do so within 30 days." Tr. 19-20. Thus, the ALJ did not err in capturing the social interaction limitations assessed by Drs. Comrie and Gentile into the RFC.

As a final matter, Plaintiff argues that the alleged failure to include these two moderate limitations is harmful because the VE testified that these limitations would result in a finding of disability at step five. ECF No. 18 at 9, 13. Defendant responds that the questions posed by Plaintiff's counsel were not properly supported by the opinion evidence. ECF No. 20 at 10-13. The court agrees. "The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by claimant's counsel. Rather, the ALJ is free to accept or reject these restrictions … as long as they are supported by substantial evidence." *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (internal citation and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 24

quotation marks omitted); *see also Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value."). Here, Plaintiff's counsel asked the VE "if a person had a significant interference in their ability to maintain a reasonable number and length of rest periods as you've defined, would that significantly impact their ability to sustain employment?" Tr. 63. The VE responded that "it would." Tr. 63. However, as noted by Defendant and discussed in detail above, Drs. Comrie and Gentile did not opine that Plaintiff's limitation was "significant," and Plaintiff's counsel did not define what "significant" would mean in the context of Plaintiff's ability to sustain employment. ECF No. 20 at 11. Similarly, Plaintiff's counsel asked the VE to assume an individual needs extra supervision "but at the same time doesn't have the ability to accept normal instructions and respond appropriately to criticisms from supervisors," to which the VE responded that "[s]upervisors don't respond well to someone who cannot accept the information that is being imparted to them." Tr. 62. However, Drs. Comrie and Gentile opined that Plaintiff had a "moderate" limitation in the ability to accept instructions and respond appropriately to criticism from supervisors, not that he "doesn't have the ability" to do so, as asserted by Plaintiff's counsel when questioning the VE. Tr. 73, 86. Thus, the court finds the hypotheticals propounded by Plaintiff's counsel are not supported by the record, and the ALJ was therefore

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 25

under no obligation to incorporate those alleged limitations in the RFC. Instead, as discussed in detail above, the ALJ's RFC assessment was entirely consistent with the limitations opined by Dr. Comrie and Gentile.

### CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 20, is

   **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** this   of  March 9, 2015.

                              *s /Fred Van Sickle*
                                 Fred Van Sickle
                    Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 26